IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK SHANNON WHEELER, #139044, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv112-WHA |
| | ) | [WO] |
| | ) | |
| JEFFERSON S. DUNN, | ) | |
| Commissioner of the Alabama | ) | |
| Department of Corrections,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Mark Shannon Wheeler ["Wheeler"], a state inmate, in which he alleges that the conditions

in prison facilities run by the Alabama Department of Corrections are violative of his

constitutional rights because they are overcrowded and understaffed.  Wheeler contends that

the defendant is acting with deliberate indifference to his health and safety by failing to

alleviate the hazardous, overcrowded conditions by releasing inmates to reduce the prison

population.  He also contends that his Fourteenth Amendment equal protection rights have

been violated because the state has no mechanism for the early release of violent inmates

---

[1]   Although Wheeler named Kim Thomas as the defendant, Jefferson S. Dunn was appointed the
Commissioner of the Alabama Department of Corrections on April 1, 2015.  Consequently, Dunn is the
proper defendant in this matter.

serving life sentences.  Wheeler names as the sole defendant Jefferson Dunn, Commissioner of the Alabama Department of Corrections.[2]  Wheeler seeks only injunctive relief for the alleged violations of his constitutional rights.  Specifically, he requests that the court "take over" the Alabama Department of Corrections and order the immediate release of inmates who have served 15 years or 85% of their sentences, regardless of whether they are violent or nonviolent offenders.  (Doc. # 1 at 7).

The defendant filed a special report, supplemental reports, and supporting evidentiary material addressing Wheeler's claims.  Pursuant to the orders entered herein, the court deems it appropriate to treat the defendant's report, as supplemented, as a motion for summary judgment.  (Docs. # 18, 26, & 40).  Thus, this case is now pending on the defendant's motion for summary judgment.  The plaintiff has filed responses in opposition to the defendant's motion, as supplemented.  Upon consideration of the motion, the evidentiary materials filed in support of and the plaintiff's responses in opposition to the report, as supplemented, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][3] as to any material fact and that the moving party is entitled to judgment

---

[2]  *See* Fn. 1, *supra*.

[3]    Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P.

as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the

---

56(a), Advisory Committee Notes, 2010 Amendments.

pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create

a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the

5

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

### III.  DISCUSSION

Wheeler is housed at J.O. Davis Correctional Facility but he complains that the overcrowded conditions in all facilities in the Alabama Department of Corrections constitute safety and health hazards. To the extent that Wheeler attempts to challenge conditions of confinement in any prison other than the one in which he is housed, he lacks standing to do so.

**A.  Standing**. Standing is a cornerstone of American jurisprudence on which jurisdiction lies. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have

6

jurisdiction).  "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]'  *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)."  *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae*, 448 U.S. 297, 320 (1980) (same).

In the instant action, Wheeler makes claims about the violation of other inmates' rights in other prisons.  For example, he complains about stabbings at Fountain Correctional Facility, but Wheeler is not housed at Fountain Correctional Facility, nor has he been the victim of a stabbing.  Wheeler lacks standing to assert the constitutional rights of other persons in other facilities.  *Saladin*, *supra.*; *Allen v. Wright*, 468 U.S. 737, 751 (1984).  The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person.  With respect to the claims arising from alleged violations of other inmates' constitutional rights, Wheeler is not "asserting [his] ... own legal rights and interests [but] rather ... the legal rights and interests of third parties."  *Saladin*, 812 F.2d at 690.  These claims therefore entitle Wheeler to no relief.

**B.  Conditions of Confinement at J.O. Davis.**  Wheeler also alleges that the conditions of confinement at J.O. Davis Correctional Facility violate the Eighth Amendment's prohibition against cruel and unusual punishment.  The defendant filed evidentiary materials in which he concedes that J.O. Davis houses more inmates than its

designed capacity and is not fully staffed but nevertheless maintains that no violation of inmate Wheeler's constitutional rights occurred there due to the challenged conditions. (Doc. # 25 at 3 & 9).

Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Id*. at 346. Specifically, it is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id*. at 348 (citation omitted). Prison conditions which may be "restrictive and even harsh, [ ] are part of the penalty that criminal offenders pay for their offenses against society" and, therefore, do not necessarily constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Id*. Conditions, however, may not be "barbarous" nor may they contravene society's "evolving standards of decency." *Id*. at 345-346. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' *Id*." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Although the Constitution "does not mandate comfortable prisons ... neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349). Thus, it is well-settled that the conditions under which a prisoner is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-527 (1984)); *Helling,* 509 U.S. at 31-32. For liability to attach, the challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [the inmate's] future health." *Chandler*, 379 F.3d at 1289-1290.

In addition, a correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828. "A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

The living conditions within a prison will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain. . . . Conditions . . ., alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency . . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. "[C]onduct that does not purport to be punishment at all [such as claims related to conditions

of confinement] must involve more than ordinary lack of due care for the prisoner's interests or safety....  It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

To determine whether conditions of confinement constitute cruel and unusual punishment violative of the Eighth Amendment, the court must look to "the effect" the conditions have upon the inmate. *Rhodes*, 452 U.S. at 366.  In a case involving conditions of confinement generally, the court is required to consider whether the claims amount to conditions which fall below constitutional standards. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).  Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Wilson*, 501 U.S. at 304-305.

In his complaint, Wheeler presents only general allegations of unconstitutional conditions at J.O. Davis.  The only specific complaint Wheeler makes is that there is insufficient space to move around the facility.  This assertion is clearly the type of unstructured "overall conditions" complaint that the Supreme Court found to be without constitutional merit in *Wilson*.  This allegation does not rise to the level of cruel and unusual punishment because Wheeler has presented no evidence, sufficiently probative or otherwise,

which shows obduracy or wantonness on the part of the defendant. *Whitley*, 475 U.S. at 319. Moreover, Wheeler fails to demonstrate any effect the alleged constitutional violations had upon him. Instead, his complaint and responses to the motion for summary judgment focus on potential risks and possible consequences.

The difficulty for Wheeler is that he has presented to the court absolutely no evidence which supports his conditions of confinement claim. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris, supra*; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). And although the court must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation, a pro se litigant does not escape the essential burden under summary judgment standards of establishing that "there is a genuine . . . [dispute] as to a fact material to his case in order to avert summary judgment." *Brown*, 906 F.2d at 670 (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis or any medical examination evidence supporting those allegations). The record is completely devoid of evidence that the defendant was deliberate indifferent to any risk of harm to Wheeler. Wheeler presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by the named defendant, each of which is a required element of the instant Eighth Amendment claim. In other words, Wheeler has failed to produce "sufficient [favorable]

11

evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson, supra*; FED.R.CIV.P. 56(e)(1). In the absence of such proof creating a genuine dispute, the defendant is entitled to summary judgment.

Moreover, upon thorough review of the evidentiary materials filed in this case, the court concludes that the challenged conditions do not deprive Wheeler of the minimal civilized measure of life's necessities nor subject him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347. In addition, the evidence before the court simply does not support a finding that the defendant acted with deliberate indifference or reckless disregard to Wheeler's constitutional rights. The living conditions at the Davis Correctional Facility, cramped as they might be, do not constitute, therefore, cruel and unusual punishment. *Rhodes*, 452 U.S. at 366. Consequently, summary judgment is due to be granted in favor of the defendant. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

**C. Equal Protection Claim**. To the extent Wheeler argues he has been deprived of equal protection because the state has no mechanism in place for violent offenders serving life sentences to secure early releases, he is entitled to no relief.[4]

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who

---

[4] To the extent that Wheeler is seeking to an early release, his sole remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). State prisoners seeking release or challenging the duration of their confinement must do so through a writ of habeas corpus. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) citing *Preiser*, 411 U.S. at 500.

12

received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Fla Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't. of Corr.*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).

Initially, the court notes Wheeler relies exclusively on the fact that non-violent inmates who are not under life sentences have been provided the opportunity for early release as the basis for his equal protection challenge. Wheeler was convicted of the murder of sixteen year old Lisa Ann Beason in the Circuit Court of Cleburne County, Alabama, on May 6, 1994, and sentenced to life imprisonment.[5] *See Wheeler v. Siegelman*, 2:02cv1165-MEF

---

[5]   The underlying facts of Wheeler's offense are described in his pre-sentence report.

The body of [Lisa Ann] Beason was recovered from the Tallapoosa River, two miles south of Heflin on Wednesday, July 7, 1993, after being discovered by [three individuals] rafting. The decomposing body was weighted down by tire rims and a cinder block attached to the neck and ankles by rope. . . . [The medical examiner declared that] cause of death was undetermined . . . [but] found trauma to the skull area and a sharp incision to the neck area. Also present were a series of incised wounds on the left thigh. It was determined that the aforementioned ropes had been looped around the ankles and placed in an incision in the distal right ankle in the Achilles tendon area. The upper torso was significantly decomposed . . . ****

[Upon arrest on unrelated charges,] Wheeler . . . indicated his desire to talk with investigators about the murder [of Lisa Ann Beason].

On August 21, 1993, Wheeler wrote his statement and then gave a tape recorded (and later transcribed) statement regarding his role in the disappearance and death of Beason. Wheeler stated Beason [was at his residence in mid-June when an argument erupted] over his desire to have sexual relations with her. According to Wheeler, Beason struck him in the eye and scratched his face and ears. He struck her with a blackjack from his pocket, knocking her unconscious or dead. He cut her jugular vein with a knife and watched her bleed. He placed the tip of the knife blade in her eye to see if she was dead. He cut off one of her nipples and part of her genitalia placing the parts in a bottle of alcohol. After visiting one of his friends,

(M.D. Ala. 2005) (Doc. # 96, Report and Recommendation of the Magistrate Judge at 2-3).[6] Wheeler does not identify any similarly situated inmate who has received more favorable treatment from the defendant.  More to the point, Wheeler does not identify any other violent inmate serving a life sentence who has been granted an early release by the defendant.  Thus, Wheeler's "equal protection claim [likewise] necessarily fails . . . because he has not shown that he was treated differently from other, similarly situated prisoners."  *Sweet*, 467 F.3d at 1319.

Furthermore, it is clear from the evidentiary materials properly before the court that the plaintiff is ineligible for early release because he does not meet the qualification of being within one year from the date of his end of sentence date.[7]  The plaintiff's general accusations and conclusory allegations of a constitutional violation are simply insufficient to defeat summary judgment.  Consequently, Wheeler fails to demonstrate the defendant acted with invidious discrimination, and he has therefore not been denied equal protection

---

he took tire rims and a cinder block back to his residence. He cut a hole in the ankle area and placed a rope through it. He loaded the body, drove to the Tallapoosa River area where [the body] was later found, and tied a rope around Beason's neck and around her ankles, inserting the rope through the hole in the ankle area so the body would be less likely to float to the top of the water. He rolled the body into the water and later did the same with her clothes and belongings at the residence. He cleaned up the room where he had killed Beason and then threw the knife, bottle of body parts and a sheet from the bed off various roads in Cleburne County. He hid a plastic glove he had used in a planter in front of his residence.

*See Wheeler v. Siegelman*, 2:02cv1165-MEF (M.D. Ala. 2005) (Doc. # 96, Report and Recommendation of the Magistrate Judge at 2-3).

[6] This court may take judicial notice of its own records. *U.S. v. Glover*, 179 F.3d 1300, 1303 n. 5 (11th Cir. 1999).

[7] Because the plaintiff is serving a life sentence, he does not have an end of sentence date.

14

of the law with respect to his ineligibility for early release.  Summary judgment is due to be granted in favor of the defendant on this claim.

For the reasons as stated, the court concludes that the defendant's motion for summary judgment is due to be granted.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be GRANTED, that this case be DISMISSED with prejudice, and that costs be TAXED AGAINST the plaintiff.  It is further

ORDERED that on or before **May 5**, **2015**, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 21st day of April, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE